USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  03/08/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
KAREEM MARTIN,                              :
                                            :          22-CV-305 (VEC)
                           Petitioner,      :          S2 14-CR-546 (VEC)
                                            :
        -against-                           :            ORDER
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                           Respondent.      :
----------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On March 25, 2019, Petitioner Kareem Martin ("Mr. Martin"), proceeding *pro se*, moved

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *See* Pet., Dkt. 621

("Original Petition").[1]  That petition was denied by an order dated November 23, 2021.  *See*

Opinion & Order, Dkt. 698.  About three weeks later, Mr. Martin filed a supplemental letter (the

"Amended Petition") raising different arguments than those advanced in the Original Petition.

The Amended Petition focused entirely on two sentencing issues: whether Mr. Martin was

correctly sentenced as a career offender and whether his offense level was correctly calculated

based on the weight of crack for which he was held responsible.  *See* Am. Pet., Dkt. 702.[2]  For

the following reasons, Mr. Martin's Amended Petition is DENIED as untimely.[3]

A section 2255 petition must be filed within one year of one of four benchmark dates; the

relevant one in Mr. Martin's case is the date "the judgment of conviction becomes final."  28

---

[1]        All citations to the docket refer to Docket No. 14-CR-546.

[2]        The Court initially construed the Amended Petition as a "second or successive" petition under section 2255,
stayed the Amended Petition, and referred the Amended Petition to the Second Circuit so it could determine whether
to certify the motion.  *See* Order, Dkt. 704.  The Second Circuit, citing *Whab v. United States*, 408 F.3d 116, 119 (2d
Cir. 2005), held that the Amended Petition was not a second petition because the Original Petition was not "final" as
of the date the Amended Petition was filed.  *See* Order of U.S. Court of Appeals, Dkt. 717.

[3]        The Court previously denied Mr. Martin's request for an attorney.  *See* Order, Dkt. 718.

1

U.S.C. § 2255(f)(1).  Because Mr. Martin appealed his sentence, finality occurred when the

Supreme Court denied his petition for a writ of certiorari on March 26, 2018.  *See Clay v. United*

*States*, 537 U.S. 522, 527 (2003); *Martin v. United States*, 138 S. Ct. 1337 (2018).

An amendment to a habeas petition will "relate back" to the original petition if the added

claim "arose out of the conduct, transaction, or occurrence set forth" originally.  *Ching v. United*

*States*, 298 F.3d 174, 181 (2d Cir. 2002) (quoting Fed. R. Civ. P. 15(c)(2)).

The "relation back" doctrine is inapplicable, however, when the initial habeas petition has

been dismissed before the amended petition is filed "because there is no pleading to which to

relate back."  *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (citations omitted)

(concluding that because a petitioner's initial petition had been dismissed, his refiled petition

could not relate back to it and was "therefore untimely").[4]

Mr. Martin filed the Amended Petition on December 13, 2021; more than three years

after the Supreme Court denied his petition for certiorari on March 26, 2018.  The Amended

Petition is, therefore, timely only if it relates back to the Original Petition, which was filed on

March 25, 2019.  By the time Mr. Martin filed the Amended Petition, his Original Petition had

been dismissed.  The relation-back doctrine, therefore, does not apply.  *See Gilliam v. United*

*States*, No. 13-CV-1271 (JG), 2014 WL 3778825, at *2 (E.D.N.Y. July 31, 2014) (dismissing an

amended habeas petition as untimely because it did not relate back to an earlier petition that had

been dismissed by the time the amendment was filed); *Williams v. United States*, No. 09-CV-

---

[4]        The Government argues that "relation back" does not apply to the Amended Petition on other grounds, *see*
Gov't Mem., Dkt. 726, at 3–4, which the Court need not address.  Mr. Martin's reply deadline was February 6, 2023.
*See* Order, Dkt. 725.  To date, Mr. Martin has not filed a reply.


2179 (NRB), 2012 WL 2497260, at *1 (S.D.N.Y. June 27, 2012) (same); *Martinez v. United States*, No. 10-CV-1398 (NRB), 2012 WL 1155127, at *1 (S.D.N.Y. Apr. 4, 2012) (same).[5]

The fact that the Court's order dismissing Mr. Martin's Original Petition was not final when Mr. Martin filed the Amended Petition does not change the analysis. *See Gilliam*, 2014 WL 3778825, at *1–2 (noting that the petitioner filed his amended petition before the Court's order denying his original petition had become final, and nevertheless concluding that the relation-back doctrine did not apply because the original petition had been dismissed); *Williams v. United States*, No. 09-CV-2179 (NRB), 2013 WL 239839, at *3 (S.D.N.Y. Jan. 23, 2013) (same and explaining that a petitioner "erroneously" argued that his motion to amend was proper because it had been filed "before adjudication of the initial habeas motion became final" given that Second Circuit caselaw does not limit *Warren*'s application to cases in which the initial habeas decision has become final) (cleaned up).

Mr. Martin's Amended Petition is, therefore, DENIED as untimely. The Court declines to issue a certificate of appealability, as Mr. Martin has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

---

[5]     The statute of limitations period for habeas petitions may be equitably tolled under the "rare and exceptional circumstance" when a petitioner can show that (1) "extraordinary circumstances prevented him from filing his petition on time," *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), and (2) he "acted with reasonable diligence throughout the period he seeks to toll[,]" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner bears the burden of establishing these two requirements. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Because Mr. Martin has not identified any circumstances that could warrant equitable tolling, and because Mr. Martin did not act diligently given his failure to file the Amended Petition until more than two years after filing the Original Petition, the one-year limitations period applies.

     That said, given Mr. Martin's *pro se* status, the Court considered whether COVID-19 and the prison lockdowns that came with it might constitute rare and exceptional circumstances. Because the statute ran on March 26, 2019, and because the pandemic did not cause prison lockdowns until March 2020, a full year later, the pandemic did not constitute "rare and exceptional circumstances" preventing Mr. Martin from raising the claims asserted in his Amended Petition in a timely way.

The Clerk of Court is respectfully directed to terminate the open motion at No. 14-CR-546, Dkt. 702, and to close the case at No. 22-CV-305.  The Clerk of Court is further directed to mail a copy of this Order to Mr. Martin.


**SO ORDERED.**

**Date:   March 8, 2023**
     **New York, NY**

                                      **VALERIE CAPRONI**
                             **United States District Judge**